## JANE Z. LAUREA, RESPONDENT, v. CONSTANTINE BERNAUER, APPELLANT.

*Penalty — when a sum stipulated to be paid in case of a breach of the contract is to be treated as a penalty and not as liquidated damages.*

A written contract for the exchange of lands, after setting forth the terms of the exchange, contained the following clause: "Either party failing to comply with this agreement shall forfeit to the other the sum of one thousand dollars."

*Held*, that the sum named was a penalty and not liquidated damages, and that a party seeking to recover for a breach of the contract should be confined to the damages proved to have been actually sustained thereby.

APPEAL from a judgment of the County Court of Kings county in favor of the plaintiff, entered upon a verdict directed by the court.

*Horace Graves*, for the appellant.

*A & J. Z. Lott*, for the respondent.

DYKMAN, J.:

This is an action on a written contract for the exchange of real property, for the recovery of damages resulting from a failure to

perform. The contract is in writing, signed by both the parties, and after providing for the exchange and the terms thereof, contains this clause : " Either party failing to comply with this agreement shall forfeit to the other the sum of one thousand dollars," and the plaintiff in his complaint demanded judgment for $1,000. The cause was tried in the County Court of Kings county, where the action was commenced, and after the failure of performance was established the county judge held and decided that the sum named in the contract was fixed damages, and finally directed a verdict for the plaintiff for that amount. To this there was exception, and we have thus again for decision the question often presented and seldom determined with entire satisfaction to the judicial mind. Like all questions pertaining to contracts, it must be referred to the intention of the parties for solution, and their intent and meaning must be collected from the instrument, considered in its entire scope and tenor. In this instance the meaning of the parties is not so obscure as in some cases where the same questions have been presented. Their object was to effect an exchange of real property, and after providing for that they say that " either party failing to comply with this agreement shall forfeit to the other the sum of one thousand dollars." It was a case where the damages to result from failure of performance could be easily and certainly ascertained, and the parties did not undertake their determination. They employed no language indicative of an intention to liquidate and fix the damages, but did name a forfeit, a word peculiarly descriptive of a penalty — not that any particular word or phraseology will ever be entirely controlling against the fair construction and meaning of the entire instrument; that will never be permitted. But where, as in this case, there is nothing to countervail the well settled legal signification of the terms employed, they will be permitted prevalence. The contract declares the provision to be a forfeit, and so the parties must have intended. The sum named does not measure or liquidate the damages. The agreement makes no such profession and indicates no such design. The parties call the sum a forfeit, and thus clearly indicate their intention to make it a penalty. Having prescribed a forfeiture as a means of enforcing the performance of this contract, the parties rested there as they do in a penal bond or undertaking, and relied on the courts

to determine the actual damages sustained in the event of non-performance; otherwise some language would have been employed indicative of an intention to liquidate the damages. There is but little legal authority in this class of cases, because each case depends mostly on its own peculiarities. One general rule, however, is that where the word penalty or forfeiture is used, that is generally conclusive and against liquidated damages. (*Bayley* v. *Peddie*, 16 N. Y., 471; *Richards* v. *Edick*, 17 Barb., 260.) On the whole examination and consideration of this case our conclusion is, that the sum of $1,000 named in the agreement as a forfeit, was intended as a penalty and not for liquidated damages, and that the recovery in this action must, in any event, be confined to the damages actually resulting from the failure of the defendant to carry out the contract on his part.

The judgment should be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., concurred.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment of County Court reversed and new trial granted, costs to abide event.